IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

RENA NEWMAN                                                                                    PLAINTIFF

V.                              NO. 4:22-CV-01019-JTK

COMMISSIONER OF
SOCIAL SECURITY ADMINISTRATION                                          DEFENDANT

## ORDER

### I. Introduction:

Plaintiff, Rena Newman ("Newman"), applied for disability benefits and supplemental security income on March 10, 2020, alleging a disability onset date of September 18, 2019. (Tr. at 13). After conducting a hearing, an Administrative Law Judge ("ALJ") denied Newman's application on December 10, 2021. (Tr. at 13-21). The Appeals Council declined to review the ALJ's decision. (Tr. at 1-6). The ALJ's decision now stands as the final decision of the Commissioner, and Newman has requested judicial review.

For the reasons stated below, the Court [1] affirms the decision of the Commissioner.

---

[1] The parties have consented in writing to the jurisdiction of a United States Magistrate Judge.

## II. The Commissioner's Decision:

Newman was born on January 9, 1963 and has a high school education, and she has past relevant work as a sample shoe inspector, receptionist, and payroll clerk. (Tr. at 20, 75). She met the insured status requirements of the Social Security Act through June 30, 2024. (T. at 15). The ALJ found that Newman had not engaged in substantial gainful activity since the alleged onset date of September 18, 2019.[2] *Id*. The ALJ found, at Step Two, that Newman had the following severe impairments: lumbar degenerative disk disease and degenerative joint disease, venous insufficiency, and lower extremity edema. *Id*.

After finding that Newman's impairments did not meet or equal a listed impairment, the ALJ determined that Newman had the residual functional capacity ("RFC") to perform work at the light exertional level, with additional limitations: she should avoid climbing ladders, ropes, and scaffolds; and she should avoid concentrated exposure to excessive vibration. (Tr. at 16-17).

At Step Four, utilizing the testimony of a Vocational Expert ("VE"), the ALJ determined that Newman is capable of performing her past relevant work. (Tr. at

---

[2] The ALJ followed the required five-step sequence to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g).

20). Therefore, the ALJ concluded that Newman was not disabled. (Tr. at 21).

## III. Discussion:

    A.  Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); see also 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'is more than a mere scintilla.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such

3

relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*.

    B. Newman's Arguments on Appeal

Newman contends that the evidence supporting the ALJ's decision is less than substantial. She argues that: (1) the ALJ improperly discounted the opinion of Newman's treating physician; (2) the RFC did not fully incorporate Newman's limitations; and (3) the ALJ failed to fully analyze and discuss Newman's subjective complaints.

Newman was a chronic smoker and drinker. (Tr. at 78-96). While her doctors recommended that she quit both habits, it is apparent that she did not follow these recommendations.[3] (Tr. at 17-20). Liver problems related to alcohol abuse contributed to Newman's medical issues.

Newman had back and extremity pain related to degenerative disease, but her doctors treated conservatively with injections and medications.[4] (Tr. at 270, 365-369, 474, 691-699). While one doctor advised Newman to attend physical therapy, she was discharged for non-compliance after just a few sessions (and she

---

[3] A failure to follow a recommended course of treatment weighs against a claimant's credibility. *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir. 2005); see *Kisling v. Chater*, 105 F.3d 1255, 1257 (8th Cir. 1997) (the ALJ correctly discounted claimant's credibility when claimant failed to stop smoking despite physician's orders).

[4] The need for only conservative treatment contradicts allegations of disabling conditions. *Smith v. Shalala*, 987 F.2d 1371, 1374 (8th Cir. 1993).

told the physical therapist that her pain was not as bad).[5] (Tr. at 365-369). Newman also said that some of the conservative treatment modalities were effective for relieving pain. (Tr. at 365-369). She also said she could do things like fish and care for her pet, as well as drive on occasion.[6] (Tr. at 19, 49-69).

Newman sought treatment for mental impairments for a short time, but her PCP (Dr. Jeremiah Nugent, M.D.) found that she did not have any adaptive functioning limitations and would not miss work as a result of mental issues. (Tr. at 19, 788-790). The same PCP issued an opinion, on August 26, 2021, that she would not be capable of light work due to her physical impairments. (Tr. at 792-793).

An MRI of the lumbar spine showed mild-to-moderate conditions, and musculoskeletal exams were grossly normal. (Tr. at 473-475, 499, 503, 587, 592, 677-688). Newman had some restriction of motion, according to Dr. Nugent. (Tr. at 788-793). The ALJ considered this medical evidence, and additional record evidence, when he found that Dr. Nugent's restrictive opinion was unpersuasive.[7]

---

[5] A claimant's non-compliance with treatment is a legitimate consideration in evaluating the validity of his alleged disability. See *Holley v. Massanari*, 253 F.3d 1088, 1092 (8th Cir. 2001).

[6] Such daily activities undermine her claims of disability. *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003).

[7] On January 28, 2017, the Administration promulgated new regulations governing how ALJs assess medical opinion evidence. The new rules, with an effective date of March 27, 2017, focus on whether an opinion is persuasive, based on: (1) supportability; (2) consistency with the

(Tr. at 19-20). The ALJ pointed to several reasons for his conclusion that Dr. Nugent's opinion was unsupported by the record: (1) Dr. Nugent failed to fully explain his conclusions (the opinion was on a short checkbox form with little citations to the medical records); (2) Dr. Nugent failed to account for Newman's non-compliance with her doctors' recommendations to quit drinking and smoking; (3) the opinion was inconsistent with mostly normal physical examinations and benign objective testing; and (4) the opinion was inconsistent with the opinions of the state-agency medical experts and the consultative examiner, who assigned only mild limitations. *Id*., (Tr. at 64-85, 90-131, 674-682). This discussion of Dr. Nugent's opinion was sufficient.

Newman also contends that the RFC for light work did not incorporate all of her credible limitations. As noted above, treatment was conservative, Newman's experienced some improvement, her non-compliance was a factor, and she could continue to do some activities of daily living. She has not shown that an RFC for light work would exceed her physical abilities. From a psychiatric standpoint, there

---

evidence; (3) relationship with the claimant [which includes; (i) length of treatment relationship; (ii) frequency of examinations; (iii) purpose of the treatment relationship; (iv) extent of the treatment relationship; and (v) examining relationship]; (4) provider specialization; and (5) any other important factors. See 20 C.F.R. § 404, 1520c(a)-(c)(2017). An opinion is more persuasive if it is consistent with and supported by the medical evidence as a whole. 20 C.F.R. 416.920c(c)(1-2) (2017); *Bonnett v Kijakazi*, 859 Fed. Appx. 19 (8th Cir. 2021); *Phillips v. Saul*, No 1:19-CV-00034-BD, 2020 U.S. Dist. LEXIS 110370 at *4 (E.D. Ark. June 24, 2020). An ALJ must give good reasons for his findings about an opinion's persuasiveness. *Id*.   `

is nothing in the record suggesting that Newman's mental impairments were disabling.

Finally, contrary to Newman's' assertions, the ALJ properly evaluated her subjective complaints.[8] At the hearing, the ALJ asked Newman about her pain, her medications, the objective findings, her past work, and her ability to do a modicum of daily activities. (Tr. at 20-21, 33-34, 46-53). He then discussed these factors and wrote that her complaints of disabling conditions were inconsistent with the record as a whole. (Tr. at 18-23). This was not error.

## IV. Conclusion:

There is substantial evidence to support the Commissioner's decision to deny benefits. The ALJ properly evaluated the medical opinions, the RFC incorporated all of Newman's limitations, and the ALJ's review of Newman's subjective complaints was sufficient. The finding that Newman was not disabled within the meaning of the Social Security Act, therefore, must be, and hereby is AFFIRMED. Judgment will be entered for the Defendant.

---

[8] When evaluating a claimant's subjective complaints of pain, the ALJ must consider objective medical evidence, the claimant's work history, and other evidence relating to (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the claimant's functional restrictions. See *Schwandt v. Berryhill*, 926 F.3d 1004, 1012 (8th Cir. 2019). "An ALJ need not explicitly discuss each factor," and he may "decline to credit a claimant's subjective complaints if the evidence as a whole is inconsistent with the claimant's testimony." *Id*. (internal citations omitted).

IT IS SO ORDERED this 17t day of October, 2023.

_____
UNITED STATES MAGISTRATE JUDGE